Plaintiff filed this suit against the Dilbeck Dominey Insurance Agency, Inc. praying that that company be ordered to pay over to him $827.91, which he alleged was due as a result of the following transaction: that plaintiff, in connection with his operation of a butane-type gas business, sought to secure compensation insurance through the H. N. Goff Insurance Agency in Alexandria, Louisiana; that in due course two policies were issued by the Keystone Mutual Casualty Company of Pittsburg, Pennsylvania; that the policies were issued on April 17, 1947; that plaintiff paid the Goff agency in full prior to June 9, 1947; that on June 9, 1947, the Goff agency forwarded its check for $827.91 to the Dilbeck Dominey Insurance Company, which check was deposited in the Guaranty Bank Trust Company by "Dilbeck Dominey Insurance Agency;" that this check was issued, received, deposited and paid for the purpose of paying the premiums due the Keystone Mutual Casualty Company; that the defendant failed to forward the funds; that on June 26, 1947, the Keystone Mutual Casualty Company became insolvent and was placed in the hands of a liquidator; that on October 4, 1947 plaintiff received a statement from the liquidator of the Keystone company requesting payment of $216.80, being that portion of the total premium due on the above mentioned policies from the date they were issued to the date of the insolvency of the Keystone company; that no amount is due by him to the Keystone company as he had claims, arising out of the policies issued and unpaid by the company, amounting to more than the premiums due on said policies.
The defendant filed an exception of nonjoinder praying that the liquidator of the Keystone Mutual Casualty Company be cited to appear and assert his claim.
Plaintiff filed a supplemental petition, making the Louisiana receiver of the Keystone *Page 821 
Company a party to the suit and setting forth the details of the transfer by J. Austin Dilbeck and Daniel D. Dominey of their interest in the partnership known as Dilbeck Dominey Insurance Agency to the defendant corporation, Dilbeck Dominey Insurance Agency, Inc.; further that all of the capital stock in this corporation was later acquired by Daniel D. Dominey, who in turn transferred all the stock of the corporation to Arthur K. Ammen, and prayed that a writ of attachment be issued and that Arthur K. Ammen be made garnishee. Subsequently, Daniel D. Dominey, individually, filed an answer in which he admitted that the Dilbeck Dominey Insurance Company, or Dilbeck Dominey Insurance Agency, had come into possession of the sum of $827.91 by receipt of that amount from H. N. Goff Insurance Agency in payment for two policies of insurance issued by the Keystone Mutual Casualty Company and accepted by their licensed agent, Miss Clara Brown, an employee of the Dilbeck Dominey Insurance Agency. The answer further set forth that this sum of money was due either to the plaintiff, Armstrong R. Conley, or to Compton R. Hummel, in his capacity as receiver for the Keystone Mutual Casualty Company, and that he deposited same in the registry of the Court, praying that the two claimants be cited to assert their claims under the provisions of Act 123 of 1922.
After this deposit was made, the attachment and garnishment proceedings were dismissed.
Compton R. Hummel, ancillary receiver of the Keystone Mutual Casualty Company, by appointment of the Nineteenth Judicial District Court, Parish of East Baton Rouge, Louisiana, filed an exception to the jurisdiction. Subsequently, he came into the Ninth Judicial District Court, waived his exception to the jurisdiction, and joined with the attorney for plaintiff in submitting the case for decision under a stipulation of fact, which set forth that plaintiff, in March, 1947, applied for certain workmen's compensation policies from the Goff agency, which in turn contacted the Dominey agency and was advised that the policies could be written through the Keystone company. The stipulation further set forth that the two policies were written on April 17th and that "at the time the policies were written neither Dilbeck Dominey Insurance Agency, Inc., nor Daniel D. Dominey nor J. Austin Dilbeck were licensed as agents of Keystone Mutual Casualty Company. At the time the policies were written the only licensed agent for the company was Clara Brown doing business as Southeastern Insurance Service and it was through this agent that the two policies were written;" that the plaintiff (on June 9, 1947), paid the $827.91 to the Goff agency, whose check for that amount was forwarded to the "Dilbeck Dominey Insurance Company" and deposited to the credit of "Dilbeck Dominey Insurance Agency" on June 11th; that on June 26, 1947, the Keystone Mutual Casualty Company was declared insolvent and placed in the hands of a receiver and an ancillary receiver was appointed in Louisiana; that on September 30th, plaintiff received a statement from the Pennsylvania liquidator of the Keystone company requesting the payment of the earned premiums amounting to $216.80; that, upon learning that none of the premium had been forwarded, plaintiff instituted suit to recover $827.91, first against the Dilbeck Dominey Insurance Agency, Inc., and, by amended petition, against the Louisiana receiver of the Keystone company and Daniel D. Dominey.
The last paragraph of the stipulation signed by counsel for plaintiff and for the ancillary receiver reads as follows:
"The questions before the Court are:
"Is Armstrong R. Conley entitled to the money deposited in the registry of the court by Daniel D. Dominey?
"Did payment to Dilbeck Dominey Insurance Agency constitute payment to the company so as to entitle the receiver of Keystone Mutual Casualty Company to the money deposited in the registry of the court?
"In the event the Court holds that payment to Dilbeck Dominey Insurance Agency did not amount to payment to the company and therefore the money deposited in the registry of the court should be paid to Armstrong R. Conley, is the receiver entitled *Page 822 
to receive out of the sum so deposited the earned premium on the two policies?"
The District Court rendered judgment ordering the Clerk to pay the earned premium of $216.80 to the ancillary receiver and the remaining $611.11 to plaintiff. The receiver asked for and perfected a devolutive appeal. The plaintiff, after the time delay for a suspensive appeal, collected the $611.11 awarded him by judgment of the District Court, and answered the appeal, praying that the judgment be amended by awarding the plaintiff the entire $827.91.
The filing of the stipulation in the District Court by counsel, for plaintiff and the ancillary receiver makes it unnecessary to consider the bulk of the pleadings antecedent to the answer filed by Daniel D. Dominey, in which he deposited $827.91 in the registry of the Court with the request that the ancillary receiver and the plaintiff assert their respective claims and that he be relieved of payment of costs as provided by Act No. 123 of 1922.
Under the stipulation, the questions before us are whether plaintiff is entitled to the return of all the money on the theory that it had not yet reached the Keystone company or its agent, or whether the ancillary receiver of the Keystone company is entitled to all the money on the theory that its delivery to the Dilbeck Dominey agency constituted a delivery to the Keystone's Louisiana agent, or whether the circumstances of the deposit were such as to make the Dilbeck Dominey agency (or Daniel D. Dominey) a mandatary with a duty to both parties.
The Revised Civil Code, Articles 3016 and 3017, defines a broker or intermediary and describes his obligations. We quote those two articles:
"3016. Broker or intermediary defined. — The broker or intermediary is he who is employed to negotiate a matter between two parties, and who, for that reason, is considered as the mandatory of both."
"3017. Obligations of broker. — The obligations of a broker are similar to those of an ordinary mandatory, with this difference, that his engagement is double, and requires that he should observe the same fidelity towards all parties, and not favor one more than another."
According to the stipulation in the record, the H. N. Goff Insurance Agency (agent of plaintiff) contacted the Dilbeck Dominey agency and requested that this agency assist in securing a policy of compensation insurance for plaintiff. This agency — acting as a broker or intermediary — contacted Miss Clara Brown, who issued the policies on behalf of her principal, the Keystone Mutual Casualty Company. Under these circumstances, the Dilbeck Dominey agency became the broker or intermediary between the agent of plaintiff and the representative of the Keystone company and the money received by it from the Goff agency was in its capacity as broker or intermediary between the assured and the insurer. By directing that the broker deliver the earned premium to the company issuing the policies and that he return the remainder of the funds to the plaintiff, the District Court judgment gave effect to the requirement of Article 3017, above quoted, that the broker observe the same fidelity to all parties.
The stipulation contained no reference to the liability of the Keystone Mutual Casualty Company by virtue of alleged accidents to workmen employed by plaintiff while the policies were in force. The District Court judgment made no reference to these claims, which therefore are not affected one way or the other by the judgment.
The judgment appealed from is affirmed. Costs to be divided equally between plaintiff and the ancillary receiver. *Page 823